UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT LEE STEVENS,
   a/k/a Robert Earl Trotter,

   Petitioner,

v.                                            Case No. 8:07-cv-830-T-23TBM

SECRETARY, Department of Corrections,

   Respondent.
_____/

## ORDER

Stevens's petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) challenges the validity of his 1991 plea-based conviction for eight counts of sexual battery with a deadly weapon, two counts of robbery with a deadly weapon, one count of kidnapping, and one count of burglary of a dwelling that includes a battery with a deadly weapon. Stevens is serving eleven life sentences and an additional thirty years. The respondent requests (Doc. 15) dismissal of the petition as time-barred. The respondent's exhibits support the time-bar argument.

The Anti-Terrorism and Effective Death Penalty Act created a limitation period for petitions for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Stevens's original conviction was final in 1991, prior to the enactment of these provisions. Stevens's limitation period began when the limitation provision was enacted, April 24, 1996. Wilcox v. Fla. Dept. of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). The limitation period would have expired one year later except the state courts granted Stevens leave to file a belated appeal, which concluded with Stevens receiving a new sentence and judgment. Stevens receives a new limitation period because of the new judgment. Ferreira v. Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) ("We now hold that AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final."). The appeal of the new judgment concluded on November 17, 1999. Trotter v. State, 744 So.2d 583 (2DCA 1999) (Respondent's Exhibit 21). Affording Stevens ninety days to file a petition for the writ of certiorari as required by Bond v. Moore, 309 F.3d 770 (11th Cir. 2002), and Jackson v. Sec. Dept. Corr., 292 F.3d 1347 (11th Cir. 2002), the judgment that confines Stevens was final on February 15, 2000.

Stevens's one-year statute of limitation expired in February, 2001, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). Stevens filed a state Rule 3.850 motion for

post-conviction relief on November 14, 2001 (Respondent's Exhibit 22), nine months too late. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002). Because the deadline had passed, the state motion for post-conviction relief could not toll the federal one-year limitation period.[*]

Accordingly, the respondent's motion to dismiss (Doc. 15) is **GRANTED**. The petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The clerk shall enter a judgment against Stevens and close this action. Stevens's motion (Doc. 14) is **GRANTED** to the extent that the clerk shall include Stevens's alias in correspondence mailed to him.

ORDERED in Tampa, Florida, on December 21st, 2007.

Steven D. Merryday
UNITED STATES DISTRICT JUDGE

---

[*] Stevens asserts in his reply (Doc. 18) that he is actually innocent. Instead of arguing that new evidence shows his innocence, Stevens contends that he never pleaded guilty to the charges in case number 91-2883. A claim of actual innocence must show factual innocence of the crime. Bousley v. United States, 523 U.S. 614, 623 (1998) (The term "'actual innocence' means factual innocence, not mere legal insufficiency."). Accord Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001), cert. denied, 535 U.S. 926 (2002), and Sawyer v. Holder, 326 F.3d 1363, 1367 (11th Cir. 2003). The respondent's exhibits show that Stevens pleaded guilty in 91-2883.